QUIN O'BRIEN, for appellee; MUNSON T. CASE, of counsel.

MR. JUSTICE GRIDLEY delivered the opinion of the court.

### Abstract of the Decision.

RAILROADS, § 738*—*when pedestrian at street crossing guilty of contributory negligence.* Evidence in action to recover damages for alleged wrongful killing of pedestrian at street crossing examined and *held* to show that deceased was guilty of contributory negligence.

---

Morris Feldman et al., trading as Feldman Brothers, Defendants in Error, v. David Bernstein, Plaintiff in Error.

### Gen. No. 20,092.    (Not to be reported in full.)

Error to the Municipal Court of Chicago; the Hon. CHARLES H. BOWLES, Judge, presiding. Heard in the Branch Appellate Court at the March term, 1914. Affirmed. Opinion filed March 23, 1915.

### Statement of the Case.

Action by Morris Feldman, Abraham Feldman, Nathan Feldman and Hyman Feldman, trading as Feldman Brothers, plaintiffs, against David Bernstein, defendant.

Defendant by a written contract of guaranty, directed plaintiffs to deliver to J. Kier such goods as Kier might want from time to time, agreeing to become fully responsible to plaintiffs for any balance, either upon open account or promissory notes, which Kier might from time to time owe plaintiffs, not ex-

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

ceeding the sum of $400 for such purchases. All notice necessary to charge him as guarantor in case plaintiffs should call upon him to pay any deficiency was acknowledged by defendant in the writing, and he agreed that said writing should be construed as a continuing guaranty. In plaintiffs' statement of the claim, to which a copy of the guaranty was attached, it was alleged, in substance, that plaintiffs' open account against said Kier amounted to the total sum of $384.86, for merchandise delivered to him, and that defendant owed plaintiffs said sum.

The only defense set out in defendant's affidavit of merits was that defendant had never guarantied the payment of any account of plaintiffs against J. Kier for merchandise delivered by plaintiffs to said Kier. The defendant, however, admitted that he signed the instrument in writing sued upon, but claimed that he signed it for "I. Kier" and not for "J. Kier."

To reverse a judgment for plaintiffs for $384.86, defendant prosecutes this writ of error.

AARON SOBLE, for plaintiff in error.

No appearance for defendants in error.

MR. JUSTICE GRIDLEY delivered the opinion of the court.

### Abstract of the Decision.

GUARANTY, § 1*—*when evidence sufficient to establish.* Evidence examined and held to be sufficient to establish the making of a contract of guaranty.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.